[No. 6455.   Decided January 12, 1907.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM JAMIESON,  *Appellant*.[1]

ROBBERY—EVIDENCE—SUFFICIENCY.   There is not sufficient evidence to sustain a conviction for robbery, and it was error to deny a new trial, where it appears that the prosecuting witness, who was not present at the trial, the defendant, and others were intoxicated and engaged in a fight in an alley, and there was no evidence that he had been robbed other than loose statements to the effect that he had stated to third persons that he had a twenty-dollar bill and some change which he lost in the alley.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered December 30, 1905, upon a trial and conviction of the crime of robbery.   Reversed.

[1]Reported in 88 Pac. 214.

*John Salisbury,* for appellant.

*R. M. Barnhart, Fred C. Pugh,* and *A. J. Laughon,* for respondent.

MOUNT, C. J.—The appellant was convicted of the crime of robbery, and appeals. He assigns several errors of the court in the trial of the case, only two of which we deem of sufficient importance to notice. After the state had rested its case, appellant moved the court for a directed verdict, which motion was denied. Thereafter the cause was submitted to the jury, and a verdict of guilty as charged was returned. A motion for a new trial was made upon the ground that the evidence was insufficient to sustain the verdict.

After carefully reading the evidence, we think there was sufficient to go to the jury upon the question of the guilt of the defendant of assault or assault and battery, which were necessarily included in the charge of robbery. But there was no evidence at all that the crime of robbery was committed. The prosecuting witness, William Herbst, who was alleged to have been robbed, was not present at the trial. He had apparently left the state at the time of the trial. His evidence was not offered. There is no evidence at all that William Herbst was ever robbed, except that certain witnesses stated that Herbst had said, in the presence of the defendant, that he had a twenty-dollar bill, and that he must have lost it in the alley. But there was no evidence that Herbst accused the appellant of taking the money, or of assisting any one else to take it. The facts show that this appellant and two or three other men, including Herbst, had been drinking, and that Herbst had been spending his money freely and was intoxicated; that all of the men got into a fight in an alley, and Herbst was knocked down. Other than this, and some loose statements testified to by third parties to the effect that Herbst had said he had a twenty-dollar bill and some change, and that he lost it, there is no showing that a robbery was committed. The evidence is entirely insufficient to sustain a conviction of rob-

bery.    The judgment of conviction for that offense must therefore be reversed and the cause remanded for a new trial.

ROOT, CROW, DUNBAR, FULLERTON, and HADLEY, JJ., concur.